N. MARSICO, Appellant, v. SHERMAN OIL MILL, Appellee. (No. 3083.) (Court of Civil Appeals of Texas. Texarkana. May 26, 1925. Rehearing Denied June 11, 1925.) Appeal from Grayson County Court; R. M. Carter, Judge. E. J. Smith, of Denison, for appellant. J. F. Holt, of Sherman, for appellee.

HODGES, J. This suit was filed by the appellee to recover the sum of $387.60 as the balance due for the purchase price of 34 bales of linters sold to the appellant. The appellant answered by exceptions and a general and special denial. In a trial before the court judgment was rendered for the full amount sued for. In this appeal complaint is made because the trial court refused a continuance when the appellee was permitted to file a trial amendment setting out in more detail facts which had been previously stated in its original petition. There was no error in the ruling complained of. Both the facts and the pleading support the judgment rendered, and it is accordingly affirmed.

---

2

W. C. SHORT v. HUNTER–BEDELL REALTY CO. (No. 1251.) (Court of Civil Appeals of Texas. Beaumont. May 28, 1925.) Appeal from Dallas County Court; Wiley A. Bell, Judge. M. M. Parks, of Dallas, for appellant. Ferguson, Golden & Croley, of Dallas, for appellee.

HIGHTOWER, C. J. For brevity, the plaintiff in error will be referred to as appellant, and defendants in error as appellees. The appellees, who were real estate agents in the city of Dallas, brought this suit against appellant to recover $400, which they claimed to be due them as a commission for procuring a purchaser for a house and lot owned by appellant in Dallas, and they had verdict and judgment for the amount claimed. There are no legal questions involved, but the attack on the verdict and judgment is that there is no evidence to support them. The record shows that appellant listed the property with appellees for sale, and that they found a purchaser who was willing, ready, and able to buy it, and, as we hold, upon the terms upon which appellees had it for sale. This purchaser was one A. L. Roos, and he entered into a written contract with appellant to purchase the property for $9,850, payment to be made partly in cash, partly by the execution of vendor's lien notes, and partly by the purchaser's assuming outstanding obligations against the property, appellant agreeing to furnish an abstract showing title in himself. Appellees alleged, in substance, that after they had procured Mr. Roos as a purchaser, and after the written contract between him and appellant was signed, appellant refused to furnish the abstract of title, and refused to make a deed to Roos for the property, and that appellant then refused to pay appellees the agreed commission for the sale. Appellant answered by general denial, and specially denied that appellees had made a contract with Roos in accordance with the terms upon which they were authorized to sell the property. Appellant contended, and contends here, that appellees, in order to induce Roos to purchase the property at the price of $9,850, stated to him that the draperies that were in the house would go with the premises, and that no extra charge would be made therefor, and that appellees were not authorized to make any such agreement with Roos, and that when Roos was informed by appellant that he would not let him have the draperies, as appellees had promised him, he (Roos) declined to take the property, and the sale was at an end. Appellant so testified, and so did Roos, but their testimony was not conclusive on the issue; for two other witnesses testified to the contrary, and the jury gave credence to the latter. It was the jury's province to determine this issue of fact, and, we being not able to say that such determination was clearly wrong, it is our duty to affirm the jury's verdict. It has been accordingly ordered that the judgment be in all things affirmed.